## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>STARR INDEMNITY & LIABILITY COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint against Defendants, Starr Indemnity & Liability Company ("Starr") and Zurich American Insurance Company ("Zurich"), alleges as follows:

### NATURE OF THE ACTION

1.      Travelers is providing a defense to Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"), Paramount Leasehold, L.P. ("Paramount"), and Levin Management Corporation ("Levin") in a lawsuit entitled *Bujar Bacova, et ano. v. Paramount Leasehold, L.P., et al.*, in the Supreme Court of the State of New York, New York County, index number 154088/2016 (the "Underlying Action").

2.      In the instant action, Travelers seeks a declaration that (i) Starr is obligated to defend and indemnify Shawmut, Paramount, and Levin in the Underlying Action, as additional insureds under the policy of insurance issued by Starr, on a primary, non-contributory basis; and (ii) Zurich is obligated to defend and indemnify Paramount in the Underlying Action, as an additional insured under the policy of insurance issued by Zurich, on a primary, non-contributory basis.

3.      In addition, Travelers is entitled to judgment for all defense and indemnity costs it has incurred and continues to incur in connection with the Underlying Action.

## THE PARTIES

4.      At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

5.      Upon information and belief, Starr is a Texas corporation with its principal place of business located in New York, New York.

6.      Upon information and belief, Zurich is a New York corporation with its principal place of business located in Schaumburg, Illinois.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

8.      In the Underlying Action, Bujar Bacova ("Claimant") seeks recovery for alleged personal injuries including, "cerebral and vestibular concussion; cervical and lumbar radiculopathies; right knee pain and swelling, tears medial meniscus and popliteus tendon, joint effusion, popliteal cyst and bursitis; right shoulder tendinosis supraspinatus, infraspinatus and subscapularis tendons, tears of supraspinatus and infraspinatus tendons, tear of glenoid labrum with Hill-Sachs injury; neck pain with reduced range of motion, straightening of cervical lordosis, herniated discs C3-4,4-5, 6-7, deforming the thecal sac and abutting the cord, bulging disc C5-6 abutting the cord with encroachment; loss of consciousness; brain damage with difficulty spelling and with memory and is forgetful; numbness and tingling radiating down both upper and lower

extremities; probable herniated lumbar discs; headaches; dizziness; vertigo; difficulty sitting, standing and Valsalva-type maneuvers; cervical and lumbar pain and spasms; antalgic gait which will further aggravate and exacerbate hip and back condition; unable to engage in everyday activities as previously and unable to care for self; unable to be gainfully employed; required and requires hospital and medical care and attention and will continue to do so in the future; osteoarthritis and arthritis are anticipated; required to use a cane; extreme pain and suffering; mental anguish; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future." Therefore, the purported value of the Underlying Action exceeds $75,000.00.

9.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

10.     An actual justiciable controversy exists between the parties as to the coverages afforded under the insurance policies issued by Starr and Zurich.

11.     Travelers has no adequate remedy at law.

### THE RELEVANT POLICIES

12.     Starr issued a policy of insurance to Cord Contracting Co. Inc. ("Cord") for the policy period May 1, 2015 to May 1, 2016 (the "Starr Policy").

13.     Subject to certain terms, conditions, and exclusions, the Starr Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14.     The Starr Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION (CG 20 10 04 13) endorsement that modifies the Commercial General Liability Coverage Part, and provides, in part:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Where Required By Written Contract | Where Required By Written Contract |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

15.     The Starr Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS (CG 20 37 04 13) endorsement that modifies the Commercial General Liability Coverage Part, and provides, in part:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| Where Required By Written Contract | Where Required By Written Contract |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

4

16.    The Starr Policy also contains a NEW YORK PRIMARY AND NON-CONTRIBUTRY CONDITION endorsement that modifies the Commercial General Liability Coverage Part, and provides in relevant part:

> This insurance is primary insurance as respects our coverage to the additional insured, where the written contract or written agreement requires that this insurance be primary and non-contributory. In that event, we will not seek contribution from any other insurance policy available to the additional insured on which the additional insured is a Named Insured.

17.    Upon information and belief, Zurich issued a policy of insurance to Hard Rock Café International (USA), Inc. ("Hard Rock") for the policy period March 1, 2016 to March 1, 2017 (the "Zurich Policy").

18.    Upon information and belief, subject to certain terms, conditions, and exclusions, the Zurich Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

19.    Upon information and belief, the Zurich Policy provides additional insured coverage for bodily injury arising out of the ownership, maintenance or use of the premises leased to Hard Rock.

20.    Travelers issued a policy of insurance to Shawmut for the policy period November 1, 2015 to November 1, 2016 (the "Travelers Policy").

21.    Shawmut is a Named Insured on the Travelers Policy.

22.    Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

23.     The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

## BACKGROUND FACTS

24.     Shawmut, as Contractor, and Cord, as Subcontractor/Supplier, entered into a Standard Subcontract dated February 3, 2015 (the "Subcontract") for Cord to perform certain work at "Levin Management – 1505 Broadway – NYC[.]"

25.     The terms of the Subcontract required Cord to obtain and maintain commercial general liability insurance naming Shawmut, Paramount, and Levin as additional insureds on a primary and non-contributory basis.

26.     The terms of the Subcontract require Cord to defend, indemnify and hold harmless Shawmut, Paramount, and Levin from all claims arising out of, resulting from any work of, and caused in whole or in part by any act or omission of Cord.

27.     Paramount, as Landlord, and Hard Rock, as Tenant, entered into a Lease Extension and Modification Agreement dated November 17, 2004 (the "Lease") by which Hard Rock leased a portion of the premises located at 1501 Broadway, New York, NY through January 10, 2021.

28.     The terms of the Lease require Hard Rock to maintain general public liability insurance coverage naming Paramount as an insured.

29.     In the Underlying Action, Claimant alleges that, on April 8, 2016, he was injured while in the scope of his employment with Hard Rock located at 1501 Broadway, New York, New York when he was caused to trip and fall due to plywood boards that were not taped down or secured.

30.     In the Underlying Action, Claimant asserts causes of action against Cord, Shawmut, Paramount, and Levin seeking to recover for his injuries based on theories of negligence and violations of the New York Labor Law.

31.     Travelers has been providing and continues to provide Shawmut, Paramount, and Levin a defense in the Underlying Action.

## TENDERS TO STARR AND ZURICH

32.     By correspondence dated June 15, 2016, Travelers tendered the defense and indemnity of Shawmut, Paramount, and Levin to Starr.

33.     By correspondence dated August 23, 2016, Travelers retendered the defense and indemnity of Shawmut, Paramount, and Levin to Starr.

34.     Starr denied Travelers' tender by correspondence dated October 5, 2016.

35.     By correspondence dated October 25, 2016, Travelers tendered the defense and indemnity of Paramount to Zurich.

36.     Zurich has not responded to Travelers' tender.

37.     Starr has refused to provide additional insured coverage to Shawmut, Paramount, or Levin under the Starr Policy.

38.     Starr has refused to provide a defense to Shawmut, Paramount, or Levin under the Starr Policy.

39.     Zurich has refused to provide additional insured coverage to Paramount under the Zurich Policy.

40.     Zurich has refused to provide a defense to Paramount under the Zurich Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

41.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "40" above as if fully set forth herein.

42.     Shawmut, Paramount, and Levin qualify as additional insureds under the Starr Policy.

43.     Paramount qualifies as an additional insured under the Zurich Policy.

44.     Shawmut, Paramount, and Levin are entitled to a defense under the Starr Policy.

45.     Paramount is entitled to a defense under the Zurich Policy.

46.     Shawmut, Paramount, and Levin are entitled to indemnification under the Starr Policy for any verdict or judgment rendered against them in the Underlying Action.

47.     Paramount is entitled to indemnification under the Zurich Policy for any verdict or judgment rendered against it in the Underlying Action.

48.     The coverages provided to Shawmut, Paramount, and Levin under the Starr Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

49.     The coverages provided to Paramount under the Zurich Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

50.     Starr has refused to fulfill its coverage obligations to Shawmut, Paramount, or Levin with respect to the Underlying Action.

51.     Zurich has refused to fulfill its coverage obligations to Paramount with respect to the Underlying Action.

52.     Accordingly, Travelers seeks a declaration that Starr has an obligation to defend and indemnify Shawmut, Paramount, or Levin as additional insureds under the Starr Policy; that the coverages provided by the Starr Policy to Shawmut, Paramount, or Levin are primary; and that

the obligations of Travelers to Shawmut, Paramount, or Levin in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Starr Policy.

53.     Travelers also seeks a declaration that Zurich has an obligation to defend and indemnify Paramount as an additional insured under the Zurich Policy; that the coverages provided by the Zurich Policy to Paramount are primary; and that the obligations of Travelers to Paramount in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Zurich Policy.

54.     In addition, Travelers seeks an award at law and in equity against Starr and Zurich for recovery of all sums Travelers has paid and continues to pay in the defense the Underlying Action because the coverages provided by the Starr Policy and the Zurich Policy are primary to any coverage provided by Travelers.

WHEREFORE, Travelers respectfully requests that this Court issue judgment as follows:

1.     Declaring that Shawmut, Paramount, and Levin are insureds under the Starr Policy to whom Starr owes coverage with respect to the Underlying Action;

2.     Declaring that Paramount is an insured under the Zurich Policy to whom Zurich owes coverage with respect to the Underlying Action;

3.     Declaring that Starr has a duty to defend Shawmut, Paramount, and Levin in connection with the Underlying Action;

4.     Declaring that Zurich has a duty to defend Paramount in connection with the Underlying Action;

5.     Declaring that Starr has a duty to indemnify Shawmut, Paramount, and Levin in connection with the Underlying Action;

6.   Declaring that Zurich has a duty to indemnify Paramount in connection with the Underlying Action;

7.   Declaring that Starr's coverage obligations to Shawmut, Paramount, and Levin with respect to the Underlying Action are primary to any coverage provided by Travelers;

8.   Declaring that Zurich's coverage obligations to Paramount with respect to the Underlying Action are primary to any coverage provided by Travelers;

9.   Declaring that the obligations of Travelers to Shawmut, Paramount, and Levin in connection with the Underlying Action are excess and non-contributory to those of Starr;

10.   Declaring that the obligations of Travelers to Paramount in connection with the Underlying Action are excess and non-contributory to those of Zurich;

11.   Awarding judgment against Starr in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Shawmut, Paramount, and Levin in the Underlying Action;

12.   Awarding judgment against Zurich in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Paramount in the Underlying Action;

13.   Awarding judgment against Starr in an amount equal to any sums that Travelers may incur to resolve and indemnify Shawmut, Paramount, and/or Levin for the claims in the Underlying Action;

14.   Awarding judgment against Zurich in an amount equal to any sums that Travelers may incur to resolve and indemnify Paramount for the claims in the Underlying Action;

15.   Granting an award in favor of Travelers for the costs of suit incurred herein; and

16.      Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 30, 2022

                              USERY & ASSOCIATES


                               /s/Lisa Szczepanski
                        By:    Lisa Szczepanski
                               *Attorneys for The Travelers Indemnity Company*
                               T. (917) 778-6800
                               F. (844) 571-3789
                               E. lszczepa@travelers.com

                               Mailing Address:[1]
                               P.O. Box 2996
                               Hartford, CT 06104

---

[1]  Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017