UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE TRAVELERS INDEMNITY CO.,

                            Plaintiff,

           -v-

STARR INDEMNITY & LIABILITY CO. AND
ZURICH AMERICAN INSURANCE CO.,

                            Defendants.

22 Civ. 10174 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This case involves an insurance dispute between plaintiff The Travelers Indemnity Company ("Travelers") and defendants Starr Indemnity & Liability Company ("Starr") and Zurich American Insurance Company ("Zurich") stemming from an underlying personal injury action currently pending in New York state court. *See generally* Dkt. 1 (complaint). Travelers seeks from this Court a declaratory judgment that Starr and Zurich are obligated to defend and indemnify certain parties in the underlying action. *Id.*

On May 22, 2023, following a status conference attended by counsel for all parties, this Court issued a stay of the instant action pending resolution of several appeals that had been taken in the underlying action, which challenged the New York Supreme Court's resolution of motions for summary judgment. Dkt. 29. The Court ordered status letters from the parties every two months. *Id.* On January 22, 2024, the parties' joint status letter reported that the Appellate Division, First Department had issued a decision resolving these appeals, in which it reinstated certain claims by the personal injury-plaintiff against putative additional insureds, and a claim against Starr's named insured. Dkt. 33 at 1.

In response, the Court set a briefing schedule for an anticipated motion to lift the stay previously imposed. Dkt. 34. On February 14, 2024, Travelers filed the pending motion to lift the stay. Dkts. 35–36. On February 27, 2024, Zurich and Starr filed memoranda of law in opposition to the motion. Dkts. 37–38.

Having reviewed these submissions, the Court finds that a stay of this insurance coverage litigation remains sensible, and that lifting the stay is premature given the state of the underlying personal-injury action. The Appellate Division's decision expanded the range of unresolved claims in the underlying action. It also confirmed that the issue of "whether [the personal-injury plaintiff] tripped on the edge of the plywood floor protection or on a mat laid on it," bears not only on direct liability but on contractual indemnification as well. Dkt. 37, Ex. 4 at 2–4. In other words, the Appellate Division's decision did not do anything that facilitates the resolution of the current action, which remains likely substantially dependent on the outcome of the proceedings in state court.

For this reason, the Court denies Travelers' motion to lift the current stay of this action.[1] To assure, however, that the Court is apprised of developments in the underlying action, the Court directs the parties to continue submitting joint status letters, with Travelers to file these letters on the docket every two months. The next status letter is due on May 27, 2024. The parties remain at liberty to move to modify or lift the present stay, in the event that changed circumstances so warrant.

---

[1] Travelers' motion largely addresses the doctrine of abstention. For avoidance of doubt, that doctrine is not germane here. The Court has not stated an intention to decline to exercise jurisdiction over this matter. The Court's decision to stay this matter pending further evolution of the litigation in state court is instead an exercise of discretion over case management in a case that, in due time, will be fit for resolution by this Court.

2

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: March 27, 2024
       New York, New York

3